1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| MING HSIEH,<br><br>        Plaintiff,<br><br>      v.<br><br>ZHE XU aka ZE XU, JIANGXIA TAN<br>aka ANNA, ZIQING XU aka ROSE<br>and DOES 1 to 10,<br><br>        Defendants. | CASE NO.  CV 14-9396 JAK (MRWx)<br><br>*[Magistrate Judge Michael R. Wilner]*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>**Complaint Filed:**<br>Los Angeles Superior Court<br>Case No. EC063118<br>November 6, 2014 |

17
18
19
20
21
22
23
24
25
26
27
28

DLA Piper LLP (US)
Los Angeles

# 1.   INTRODUCTION

## 1.1   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties, Plaintiff Ming Hsieh and Defendants Zhe Xu, Jiangxia Tan and HK Golden Crown Optical Ltd. (collectively the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2   GOOD CAUSE STATEMENT

This action is likely to involve sensitive and private personal financial information, as well as valuable research, development, commercial, financial, and proprietary information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential materials and information concern, among other things, confidential business and financial information, confidential research, development, and commercial information, information otherwise generally unavailable to the public, and the intimate and personal financial details and affairs of individuals – details and affairs that are also otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes,

court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    <u>Action</u>:  the above-entitled Action, *Ming Hsieh v. Zhe Xu, et al.*, Case No. CV 2:14-cv-09396, pending in the United States District Court, Central District of California.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

1    among other things, testimony, transcripts, and tangible things), that are produced
2    or generated in disclosures or responses to discovery in this matter.

3        2.7    Expert:  a person with specialized knowledge or experience in a matter
4    pertinent to the litigation who has been retained by a Party or its counsel to serve as
5    an expert witness or as a consultant in this Action.

6        2.8    House Counsel:  attorneys who are employees of a party to this Action.
7    House Counsel does not include Outside Counsel of Record or any other outside
8    counsel.

9        2.9    Non-Party:  any natural person, partnership, corporation, association,
10   or other legal entity not named as a Party to this action.

11       2.10   Outside Counsel of Record:  attorneys who are not employees of a
12   party to this Action but are retained to represent or advise a party to this Action and
13   have appeared in this Action on behalf of that party or are affiliated with a law firm
14   which has appeared on behalf of that party, and includes support staff.

15       2.11   Party:  any party to this Action over which this Court has personal
16   jurisdiction, including all of its officers, directors, employees, consultants, retained
17   experts, and Outside Counsel of Record (and their support staffs).

18       2.12   Producing Party:  a Party or Non-Party that produces Disclosure or
19   Discovery Material in this Action.

20       2.13   Professional Vendors:  persons or entities that provide litigation
21   support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
22   demonstrations, and organizing, storing, or retrieving data in any form or medium)
23   and their employees and subcontractors.

24       2.14    Protected Material:  any Disclosure or Discovery Material that is
25   designated as "CONFIDENTIAL."

26       2.15   Receiving Party:  a Party that receives Disclosure or Discovery
27   Material from a Producing Party.

28

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

1    purpose (*e.g.*, to unnecessarily encumber the case development process or to

2    impose unnecessary expenses and burdens on other parties) may expose the

3    Designating Party to sanctions.

4         If it comes to a Designating Party's attention that information or items that it

5    designated for protection do not qualify for protection, that Designating Party must

6    promptly notify all other Parties that it is withdrawing the inapplicable designation.

7         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8    this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

9    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10   under this Order must be clearly so designated before the material is disclosed or

11   produced.

12        Designation in conformity with this Order requires:

13        (a) for information in documentary form (*e.g.*, paper or electronic documents,

14   but excluding transcripts of depositions or other pretrial or trial proceedings), that

15   the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

16   (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

17   material.  If only a portion or portions of the material on a page qualifies for

18   protection, the Producing Party also must clearly identify the protected portion(s)

19   (*e.g.*, by making appropriate markings in the margins).

20        A Party or Non-Party that makes original documents available for inspection

21   need not designate them for protection until after the inspecting Party has indicated

22   which documents it would like copied and produced.  During the inspection and

23   before the designation, all of the material made available for inspection shall be

24   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

25   documents it wants copied and produced, the Producing Party must determine

26   which documents, or portions thereof, qualify for protection under this Order.

27   Then, before producing the specified documents, the Producing Party must

28   affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq.*

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party request the witness sign the form attached as Exhibit 1 hereto; and (2) they not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy

1  of this Stipulated Protective Order; and

2      (c) cooperate with respect to all reasonable procedures sought to be pursued

3  by the Designating Party whose Protected Material may be affected.

4      If the Designating Party timely seeks a protective order, the Party served with

5  the subpoena or court order shall not produce any information designated in this

6  action as "CONFIDENTIAL" before a determination by the court from which the

7  subpoena or order issued, unless the Party has obtained the Designating Party's

8  permission.  The Designating Party shall bear the burden and expense of seeking

9  protection in that court of its confidential material and nothing in these provisions

10  should be construed as authorizing or encouraging a Receiving Party in this Action

11  to disobey a lawful directive from another court.

12  **9.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

13         **PRODUCED IN THIS LITIGATION**

14      (a) The terms of this Order are applicable to information produced by a

15  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

16  produced by Non-Parties in connection with this litigation is protected by the

17  remedies and relief provided by this Order.  Nothing in these provisions should be

18  construed as prohibiting a Non-Party from seeking additional protections.

19      (b) In the event that a Party is required, by a valid discovery request, to

20  produce a Non-Party's confidential information in its possession, and the Party is

21  subject to an agreement with the Non-Party not to produce the Non-Party's

22  confidential information, then the Party shall:

23         (1) promptly notify in writing the Requesting Party and the Non-Party

24  that some or all of the information requested is subject to a confidentiality

25  agreement with a Non-Party;

26         (2) promptly provide the Non-Party with a copy of the Stipulated

27  Protective Order in this Action, the relevant discovery request(s), and a reasonably

28  specific description of the information requested; and

1    (3) make the information requested available for inspection by the

2    Non-Party, if requested.

3    (c) If the Non-Party fails to seek a protective order from this court within

4    14 days of receiving the notice and accompanying information, the Receiving Party

5    may produce the Non-Party's confidential information responsive to the discovery

6    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

7    not produce any information in its possession or control that is subject to the

8    confidentiality agreement with the Non-Party before a determination by the court.

9    Absent a court order to the contrary, the Non-Party shall bear the burden and

10   expense of seeking protection in this court of its Protected Material.

11   **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

15   writing the Designating Party of the unauthorized disclosures, (b) use its best

16   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

17   person or persons to whom unauthorized disclosures were made of all the terms of

18   this Order, and (d) request such person or persons to execute the "Acknowledgment

19   and Agreement to Be Bound" that is attached hereto as Exhibit A.

20   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

21   **PROTECTED MATERIAL**

22   When a Producing Party gives notice to Receiving Parties that certain

23   inadvertently produced material is subject to a claim of privilege or other

24   protection, the obligations of the Receiving Parties are those set forth in Federal

25   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

26   whatever procedure may be established in an e-discovery order that provides for

27   production without prior privilege review.

28   In accordance with Federal Rule of Evidence 502(d) and other applicable

1    Rules, disclosure in the course of discovery of any document or information shall

2    not be deemed to waive – in this litigation or in any other Federal or State

3    proceeding – any applicable privilege or immunity from discovery that would

4    otherwise attach to the document or information produced or to other documents or

5    information, including without limitation, the attorney-client privilege, the work-

6    product doctrine, or other privilege or immunity, regardless of the extent (if any) to

7    which the producing Party has reviewed the document or information for privilege

8    or other protection.

9        Pursuant to Fed. R. Evid. 502(d), if a Producing Party at any time notifies the

10   Receiving Party that the Producing Party, for any reason, disclosed documents,

11   testimony, information, and/or things that are protected from disclosure under the

12   attorney-client privilege, work product doctrine, and/or any other applicable

13   privilege or immunity from disclosure, or the Receiving Party discovers such

14   disclosure (in which case the Receiving Party shall give the Producing Party prompt

15   notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver in

16   this litigation or in any other proceeding, including in Federal or State proceedings

17   of the applicable privilege or protection for the purpose of this or any other Federal

18   or State proceeding.

19       The Receiving Party shall upon request immediately return to the Producing

20   Party or destroy all summaries or copies of such documents, testimony,

21   information, and/or things, shall provide a certification of counsel that all such

22   disclosed materials have been returned or destroyed, and shall not use such items

23   for any purpose until further order of the Court.  In all events, such return or

24   destruction and certification must occur within five (5) business days of receipt of

25   the request.  Within ten (10) business days of the notification that the disclosed

26   materials have been returned or destroyed, the Producing Party shall produce a

27   privilege log with respect to the disclosed materials.  The return of any Discovery

28   Material to the Producing Party shall not in any way preclude the Receiving Party

1  from moving the Court for a ruling that the disclosed information was never

2  privileged; however, the Receiving Party cannot assert as a basis for the relief it

3  seeks the fact or circumstance that such privileged documents have already been

4  produced.  Alleged privileged documents shall remain protected against disclosure

5  and use during the pendency of any dispute over their status.  Nothing in this

6  Stipulation and Order shall affect any Party's right to withhold from disclosure

7  documents or information that are privileged or otherwise protected from

8  disclosure.

9      The return of any documents claimed to be privileged shall not constitute an

10  acknowledgement that the claimed documents or information is in fact privileged or

11  entitled to protections of immunity.  Notwithstanding the foregoing, the Receiving

12  Party must promptly return, sequester, or destroy the specified information and any

13  copies it has; must not use or disclose the information until the claim is resolved;

14  must take reasonable steps to retrieve the information if the party disclosed it before

15  being notified; and may promptly present the information to the court under seal for

16  a determination of the claim.  The producing party must preserve the information

17  until the claim is resolved.  Nothing in this paragraph will modify any obligation a

18  party otherwise has with respect to inadvertent production under the law or ethical

19  rules.

20      This stipulation constitutes a party agreement within the meaning of Federal

21  Rule of Evidence 502(e), and upon adoption by the Court, constitutes a court order

22  within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any

23  inconsistent provisions of Federal Rule of Evidence 502(b).

24  **12.   MISCELLANEOUS**

25      12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27      12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

28  Protective Order no Party waives any right it otherwise would have to object to

1  disclosing or producing any information or item on any ground not addressed in

2  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

3  any ground to use in evidence of any of the material covered by this Protective

4  Order.

5        12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

7  may only be filed under seal pursuant to a court order authorizing the sealing of the

8  specific Protected Material at issue.  If a Party's request to file Protected Material

9  under seal is denied by the court, then the Receiving Party may file the information

10  in the public record unless otherwise instructed by the Court.

11        12.4  Nothing in this Order shall prevent or restrict a Producing Party's own

12  disclosure or use of its own Protected Material for any purpose, and nothing in this

13  Order shall preclude any Producing Party from showing its Protected Material to an

14  individual who prepared the Protected Material.

15        12.5  Nothing in this Order shall be construed to prejudice any Party's right

16  to use any Protected Material in court or in any court filing with the consent of the

17  Producing Party or by order of the Court.

18        12.6  Nothing in this Order shall restrict in any way the use or disclosure of

19  Discovery Material by a Receiving Party: (i) that is or has become publicly known

20  through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

21  to the Receiving Party independent of the Producing Party; (iii) previously

22  produced, disclosed and/or provided by the Producing Party to the Receiving Party

23  or a non-party without an obligation of confidentiality and not by inadvertence or

24  mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the

25  Court.

26        12.7  This Order shall be binding upon the Parties, their attorneys, and their

27  successors, executors, personal representatives, administrators, heirs, legal

28  representatives, assigns, subsidiaries, divisions, employees, agents, retained

1  consultants and experts, and any persons or organizations over which they have

2  direct control.

3       12.8   This Order is subject to further court orders based upon public policy

4  and other considerations.  The Court may modify this Order *sua sponte* in the

5  interest of justice.

6  13.   **FINAL DISPOSITION**

7       After the final disposition of this Action, as defined in paragraph 4, within 60

8  days of a written request by the Designating Party, each Receiving Party must

9  return all Protected Material to the Producing Party or destroy such material.  As

10  used in this subdivision, "all Protected Material" includes all copies, abstracts,

11  compilations, summaries, and any other format reproducing or capturing any of the

12  Protected Material.  Whether the Protected Material is returned or destroyed, the

13  Receiving Party must submit a written certification to the Producing Party (and, if

14  not the same person or entity, to the Designating Party) by the 60 day deadline that

15  (1) identifies (by category, where appropriate) all the Protected Material that was

16  returned or destroyed and (2) affirms that the Receiving Party has not retained any

17  copies, abstracts, compilations, summaries or any other format reproducing or

18  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

19  are entitled to retain an archival copy of all pleadings, motion papers, trial,

20  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

21  and trial exhibits, expert reports, attorney work product, and consultant and expert

22  work product, even if such materials contain Protected Material.  Any such archival

23  copies that contain or constitute Protected Material remain subject to this Protective

24  Order as set forth in Section 4 (DURATION).

25  //

26  //

27  //

28

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 20, 2015

By:  /s/ John S. Chang
JOHN S. CHANG
Attorney for Plaintiff
MING HSIEH

Dated:  July 20, 2015                    DLA PIPER LLP (US)

By:/s/ Jeffrey A. Rosenfeld
JEFFREY A. ROSENFELD
GRANT P. ALEXANDER
BENJAMIN W. TURNER
Attorneys for Defendants
TAN JIANGXIA, XU ZIQING, XU
ZHE, and HK GOLDEN CROWN
OPTICAL LIMITED

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: Jul  21  2015

HON. HON. MICHAEL R. WILNER
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the case of _____ [insert formal name of

the case and the number and initials assigned to it by the court].  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____